1 BENJAMIN B. WAGNER
United States Attorney
2 KEVIN C. KHASIGIAN
Assistant U. S. Attorney
3 501 I Street, Suite 10-100
Sacramento, CA  95814
4 Telephone:  (916) 554-2700

5 Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-MC-00005-MCE-KJN |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $17,420.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On August 21, 2012, agents with the Drug Enforcement Administration ("DEA") contacted Antonio Jenkins ("Jenkins") at the Sacramento International Airport. Approximately $17,420.00 in U.S. Currency (hereafter "defendant currency") was seized from Jenkins during this encounter. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about November 1, 2012, the DEA received a claim from Antonio Jenkins asserting an ownership interest in the defendant currency.

2. The United States represents that it could show at a forfeiture trial that on or about August 21, 2012, agents with the DEA approached Jenkins after exiting a plane from Baltimore, MD. The agents introduced themselves as law enforcement and asked

Jenkins for consent to search his person and luggage. The Agent asked Jenkins if he was traveling with any large amounts of currency, to which Jenkins replied that he was not and only had "a couple thousand dollars." When the officer found a bank envelope containing mostly hundred-dollar bills in Jenkins' luggage, Jenkins commented that he actually had four thousand dollars. The Agent asked Jenkins if he had ever been arrested and Jenkins responded that he had been arrested "once for a weapons charge." Jenkins, in fact, has been arrested twice on drug charges. The Agent requested that Jenkins accompany him to an office to discuss the legitimacy of the currency. When asked about additional cash in his luggage, Jenkins said denied traveling with any additional cash other than $400.00 in his pocket.

3. The United States could further show at trial that a complete search of Jenkins' luggage revealed a second bank envelope containing approximately $13,000.00 in cash. According to Jenkins, he intended to gamble in the Sacramento area, but didn't know the name of the casino. The Agent asked how long Jenkins intended to stay in Sacramento. Jenkins indicated that he intended to stay a week. When the officer stated that the clothing in Jenkins' bag was inconsistent with a week-long stay, Jenkins said he planned on purchasing clothes in Sacramento because they are "cheaper."

4. The United States could further show at trial that a drug dog positively alerted to the presence of the odor of narcotics on the defendant currency.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the factual assertions contained above, Antonio Jenkins specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Antonio Jenkins agrees that an adequate factual basis may exist to support the forfeiture of the defendant currency. Antonio Jenkins hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture

of the defendant currency, Antonio Jenkins shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of this Consent Judgment of Forfeiture, $9,000.00 of the $17,420.00 in U.S. Currency, together with any interest that may have accrued on the entire amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $8,420.00 of the $17,420.00 in U.S. Currency, shall be returned to potential claimant Antonio Jenkins through attorney Lola M. Ziadie.

13. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

///

14. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated: February 4, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

Dated: February 4, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE